UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM G. LAURY,<br><br>    Plaintiff,<br><br>    v.<br><br>VINCENT HOWARD LOBUE, et al.,<br><br>    Defendants. | No. 1:20-cv-01463-DAD-SKO<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 19) |

This matter is before the court on the motion to dismiss plaintiff's complaint filed on behalf of defendants Vincent Howard Lobue and Christine Cecilia Lobue. (Doc. No. 19.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendants' motion was taken under submission on the papers. (Doc. No. 20.) For the reasons explained below, the court will grant defendants' motion to dismiss.

**BACKGROUND**

The following facts are discernable from plaintiff's complaint, the briefing submitted on the pending motion, and the briefing submitted regarding plaintiff's initial request for injunctive relief. Between January 1, 2020 and January 6, 2020, plaintiff sold citrus fruits to defendants Vincent and Christine LoBue, who owned, operated and did business as California Fresh Citrus Company ("CFCC"). (Doc. No. 11 at 3.) Defendants are the only shareholders and officers of CFCC. (*Id*. at 8.) Defendants agreed to purchase plaintiff's fruit and re-sell it to various entities

1

in Australia. (Doc. No. 1 at 5.) Defendants accepted plaintiff's fruit, which was picked on January 4 and 5, 2020; processed on January 5 and 6, 2020; and then exported to Australia with payment to be made six weeks following shipment. (Doc. No. 11 at 3.) Plaintiff alleges that CFCC and the LoBues were insolvent, heavily in debt, and had obligated incomes from fruit sales to third party creditors at the time of their agreement with plaintiff, though plaintiff did not know this. (Doc. No. 12 at 5.) The total invoice amount from the parties' fruit sale is disputed. Defendants contend that plaintiff is owed at most $2,235.09. (*Id.* at 2.) Plaintiff, in contrast, alleges that defendants owe him $40,000. (Doc. No. 12 at 2.) Plaintiff argues that the figure defendants offer includes deductions of expenses that were not agreed to nor discussed prior to the contract being entered into by the parties. (*Id.*) Plaintiff contends that had defendants paid plaintiff $10-$15 per carton, the total of 2,922 cartons would yield an amount matching the promised $30,000 to $40,000. (*Id.*) To date, defendants have not provided any sales records to plaintiff. (*Id.*)

According to plaintiff, he initially attempted to reach defendants by phone and email, but defendants were unresponsive. (Doc. No. 1 at 5.) Plaintiff met with defendants in person, at which time defendants promised to provide an accounting and admitted to using the money owed to plaintiff for other expenses. (*Id.*) Defendant Vincent LoBue also allegedly promised to pay plaintiff. (Doc. No. 11-2 at 12.) On March 6, 2020, defendants made a partial payment to plaintiff by check in the amount of $5,000. (Doc. No. 15 at 2.) After plaintiff made unsuccessful attempts to collect full payment of the debt, he initiated a PACA complaint against CFCC on March 23, 2020. (Doc. No. 1 at 8) ("Complainant instituted this reparation proceeding under the Perishable Agricultural Commodities Act, 1930, as amended (7 U.S.C. §§499a-499s) . . . and the Administrative Procedures under the PACA (7 C.F.R. §§ 47.1-47.49.")) A copy of this complaint was served on defendants. (Doc. No. 1 at 8.) Defendants failed to contest plaintiff's complaint and plaintiff received a default order on September 11, 2020 from the administrative law judge, who granted a reparation award against CFCC. (*Id.*) On or about March 15, 2020, defendant Vincent LoBue suffered a stroke that left him unable to communicate. (Doc. No. 11 at 3.) Defendants contend this medical emergency explains their inability to defend against plaintiff's

| 1  | PACA complaint. (*Id.*) The administrative law judge adopted the facts alleged in the formal
| 2  | complaint as true and found that defendants had violated 7 U.S.C. § 499b. (Doc. No. 1 at 9.) The
| 3  | default order states that within 30 days of that order, "[defendants] shall pay [plaintiff] as
| 4  | reparation $40,000 with interest thereon at the rate of .12 of 1% per annum from February 1,
| 5  | 2020, until paid, plus the amount of $500.00." (*Id.* at 10.) However, plaintiff neither received a
| 6  | payment nor a proposed payment plan from defendants within 30 days, resulting in this civil
| 7  | action being brought. The operations of CFCC have ceased, the proceeds stemming from the sale
| 8  | of all citrus products—including plaintiff's—have been segregated, and CFCC apparently filed
| 9  | for bankruptcy on December 31, 2020. (Doc. No. 11 at 3.) Accordingly, CFCC will turn over all
| 10 | sale proceeds to the Chapter 7 Trustee for administration. (*Id.*)
| 11 |       Plaintiff's complaint sought preliminary injunctive relief to freeze defendants' assets in
| 12 | order to prevent defendants from "dissipating and [hiding]" funds that are owed to him. (Doc.
| 13 | Nos. 1 at 5–6; 14-1 at 2.) The court denied plaintiff's request for preliminary injunctive relief on
| 14 | January 19, 2021. (Doc. No. 16.) Defendants then filed a motion to dismiss plaintiff's complaint
| 15 | for lack of subject-matter jurisdiction on January 28, 2021. (Doc. No. 19.) Although plaintiff
| 16 | failed to file an opposition to that motion, defendants filed a reply on February 23, 2021. (Doc.
| 17 | No. 22.) For the same reasons the court denied plaintiff's request for a preliminary injunction, the
| 18 | court will grant defendants' motion to dismiss.

**LEGAL STANDARD**

**A.**    **PACA**

"Congress enacted PACA in 1930 to promote fair trading practices in the produce industry." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 135 (3d Cir. 2000). In particular, "perishable agricultural commodities, inventories of food or other derivative products, and any receivables or proceeds from the sale of such commodities or products, are to be held in a non-segregated floating trust for the benefit of unpair sellers." *Id.* at 136; *see also* 7 U.S.C. § 499e(c)(2). If a seller of produce is not paid, it must either give written notice of its intent to preserve its rights to the benefits of the trust with the U.S. Department of Agriculture and the produce buyer within 30 days, or include a statutorily specified notice on its invoices. *See* 7

3

U.S.C. § 499e(c)(3); *Tanimura & Antle, Inc.*, 222 F.3d at 136. Any failure to "make full payment promptly" in respect to a transaction is unlawful. 7 U.S.C. § 499b(4). Any violation of § 499b subjects the buyer to liability for any damages caused by the violation. 7 U.S.C. § 499e(a). Moreover, federal regulations state that all dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R § 46.46(d)(1). District courts are specifically given jurisdiction to hear "actions by trust beneficiaries to enforce payment from the trust" and "actions by the Secretary to prevent and restrain dissipation of the trust." 7 U.S.C. § 499e(c)(5). The trust formed by PACA from the dealer's assets is "a single, undifferentiated trust for the benefit of all sellers and suppliers." *In re Kornblum & Co., Inc.*, 81 F.3d 280, 286 (2d Cir. 1996).

**B.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

"When a defendant moves to dismiss a complaint or claim for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim." *Cannon v. Harco Nat'l Ins. Co.*, No. 09-cv-00026-MMA-JMA, 2009 WL 10725673, at *2 (S.D. Cal. July 16, 2009) (citing *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). A motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) "may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). As is true in evaluating a Rule 12(b)(6) motion, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Extrinsic

evidence is heard on factual attacks and the court may review "any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731 (1947)).

## ANALYSIS

PACA had the intent of "preventing unfair business practices and promoting financial responsibility in the fresh fruit and produce industry." *Farley and Calfree, Inc. v. United States Dep't of Agric.*, 941 F.2d 964, 966 (9th Cir. 1991). "Dealers violate PACA if they do not pay promptly and in full for any perishable commodity in interstate commerce." 7 U.S.C. § 499b(4); *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997). The court interprets plaintiff's complaint as a PACA trust claim, the elements of which include "an agricultural commodities transaction and 'sums owing in connection with such transactions.'"[1] *Mastronardi Int'l Limited v. SunSelect Produce (California), Inc.*, No. 1:18-cv-00737-AWI-JLT, 2019 WL 3996608, at *5 (E.D. Cal. Aug. 23, 2019) (quoting 7 U.S.C. § 499e(c)(2)).

Defendants argue that plaintiff's PACA trust claim should be denied and that this case should accordingly be dismissed for lack of subject-matter jurisdiction. Defendants argue that plaintiff did not preserve his PACA trust rights, which in turn dooms plaintiff's claim. (Doc. No. 11 at 5.)

**A.     Preservation of PACA Rights**

Although a PACA trust "automatically goes into effect at the time possession of produce is transferred, sellers must properly preserve their trust rights by meeting specific notification requirements." *In re Enoch Packing Co., Inc.*, No. 1:06-cv-00388-AWI, 2007 WL 1589537, *5 (E.D. Cal. June 1, 2007) (citations omitted). Unless a produce seller complies strictly with the PACA notice provisions, any PACA trust rights will be lost. *Id*. The notice requirements under PACA are as follows:

> The unpaid supplier, seller, or agent shall lose the benefits of such

---

[1] The court notes that although the parties argued only with respect to a PACA trust claim, this order is without prejudice to plaintiff filing state court claims or a PACA prompt payment claim, which plaintiff did not appear to raise here.

> trust unless such person has given written notice of intent to preserve the benefits of the trust . . . within thirty calendar days (i) after the expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, (ii) after expiration of such other time by which payment must be made, *as the parties have expressly agreed to in writing before entering into the transaction*, or (iii) after the time the supplier, seller, or agent has received notice that the payment instrument promptly presented for payment has been dishonored.

7 U.S.C. § 499e(c)(3) (emphasis added); *see also In re Enoch Packing Company, Inc.*, 386 F. App'x. 611, 613 (9th Cir. 2010).[2]

Here, plaintiff argues that he and the defendants had a verbal agreement that payment was due on February 17, 2020, six weeks after the fruit was packed. (Doc. No. 12 at 4.) Plaintiff further alleges that he repeatedly attempted to contact defendants by telephone and by personal visits and finally succeeded in making his demand for payment on March 6, 2020, when defendants made a partial payment of the amount due by check. (*Id*.) However, the notice requirement under PACA is clear. To preserve one's trust rights, the language of the statute unambiguously requires that the seller give written notice to the buyer within thirty calendar days after payment is due. *See In re San Joaquin Food Serv. Inc.*, 958 F.2d 938, 940 (9th Cir. 1992). None of plaintiff's purported examples of his having provided notice to defendants satisfy the written requirement for preservation of his PACA rights. The only potential example of written notice that plaintiff has asserted is an email dated February 19, 2020 from plaintiff to defendants asking them to call him. (Doc. No. 15 at 3.) This does not suffice under the statute.

Alternatively, it is the case that a party may also preserve their trust rights through a bill or invoice statement that includes the required language from 7 U.S.C. § 499e(c)(4). Here, plaintiff did not suggest the existence of any such bill or invoice in the allegations of his initial complaint. Nevertheless, in order to ensure that plaintiff, who is proceeding pro se, did not have his claims unjustly dismissed, the court requested supplemental briefing and documentation with respect to any such potential for notice by invoice. (Doc. No. 13.) The supplemental materials submitted

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

6

by plaintiff in response to the court's request, however, did not include any invoices and do not serve to cure his failure to allege that he provided defendants with the required written notice. (Doc. No. 15.)

The court has conducted a thorough review of the submissions in this action and finds no sufficient allegation or evidence that plaintiff provided the statutorily required notice to preserve his trust rights. Accordingly, plaintiff has not adequately alleged a PACA trust claim. Because PACA is the statutory authority that "vests this Court with subject-matter jurisdiction over the claims," defendants' motion to dismiss will be granted. *Mastronardi Int'l Limited*, 2019 WL 3996608, at *5.

## CONCLUSION

For the reasons set forth above, the court grants defendants' motion to dismiss plaintiff's complaint (Doc. No. 19), and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 2, 2021**

_____
UNITED STATES DISTRICT JUDGE